UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| JERAMIE CARLSSON, | Case No. 3:17-cv-00120-MMD-WGC |
|---|---|
| Petitioner, | ORDER |
| v. | |
| TIMOTHY FILSON, *et al.*, | |
| Respondents. | |

Petitioner has paid the filing fee. The court has reviewed his petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The court will serve the petition upon respondents for a response.

Petitioner has filed a motion for appointment of counsel (ECF No. 6). Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991). The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them. *Weygandt*, 718 F.2d at 954. After reviewing the petition, the court finds that appointment of counsel is not necessary.

Petitioner has filed two motions for an evidentiary hearing (ECF No. 3, ECF No. 7). Evidentiary hearings are restricted in federal habeas corpus. *See* 28 U.S.C. § 2254(e)(2). At this point in the proceedings, it is unclear whether petitioner has satisfied

the statutory requirements and whether an evidentiary hearing is necessary.

It is therefore ordered that the clerk of the court will file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

It is further ordered that the clerk will add Adam Paul Laxalt, Attorney General for the State of Nevada, as counsel for respondents.

It is further ordered that the clerk will electronically serve upon respondents a copy of the petition and this order. In addition, the clerk will return to petitioner a copy of the petition.

It is further ordered that respondents will have forty-five (45) days from the date on which the petition was served to answer or otherwise respond to the petition. Respondents must raise all potential affirmative defenses in the initial responsive pleading, including untimeliness, lack of exhaustion, and procedural default. Successive motions to dismiss will not be entertained. If respondents file and serve an answer, then they must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and then petitioner will have forty-five (45) days from the date on which the answer is served to file a reply.

It is further ordered that any exhibits filed by the parties must be filed with a separate index of exhibits identifying the exhibits by number or letter. The CM/ECF attachments that are filed further must be identified by the number or numbers (or letter or letters) of the exhibits in the attachment. The hard copy of any additional state court record exhibits must be forwarded for this case to the staff attorneys in Las Vegas. The court otherwise waives compliance with Local Rule LR IA 10-3(e) with regard to the exhibits.

It is further ordered that henceforth, petitioner must serve upon respondents or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Petitioner must include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the respondents or counsel for the

respondents. The court may disregard any paper received by a district judge or magistrate judge that has not been filed with the clerk, and any paper received by a district judge, magistrate judge, or the clerk that fails to include a certificate of service.

It is further ordered that petitioner's motion for appointment of counsel (ECF No. 6) is denied.

It is further ordered that petitioner's motions for an evidentiary hearing (ECF No. 3, ECF No. 7) are denied.

DATED THIS 22nd day of August 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE