# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

JERAMIE CARLSSON,

    Petitioner,

v.

TIMOTHY FILSON, et al.,

    Respondents.

Case No. 3:17-cv-00120-MMD-WGC

ORDER

**I.    SUMMARY**

Before the court are two related motions. First is Respondents' motion to dismiss (ECF No. 11), along with Petitioner's opposition (ECF No. 18) and Respondents' reply (ECF No. 19). Second is Petitioner's motion to amend (ECF No. 17), along with Respondents' opposition (ECF No. 20). Petitioner has not exhausted his state-court remedies for parts of three grounds in his petition for a writ of habeas corpus (ECF No. 9). Petitioner's proposed amended petition would introduce new, unexhausted, and untimely grounds. The court thus denies Petitioner's motion to amend and grants in part Respondents' motion to dismiss.

**II.    BACKGROUND**

The state grand jury charged Petitioner with one count each of robbery with the use of a firearm, battery with intent to commit robbery, trafficking in a controlled substance, resisting and/or obstructing and/or delaying a public officer with a dangerous weapon, eluding a police officer, and unlawful acts related to human excrement or bodily fluid. (Ex. 3 (ECF No. 12-3).) Petitioner then filed a pre-trial habeas corpus petition. He argued that

the grand jury did not have sufficient evidence to charge Petitioner with the deadly-weapon enhancement for robbery. Petitioner conceded that the grand jury did have sufficient evidence to charge Petitioner with robbery. (Ex. 13 (ECF No. 12-13).) Before the state district court could rule on that petition, Petitioner agreed to plead guilty to one count each of robbery with the use of a firearm, resisting and/or obstructing and/or delaying a public officer with a dangerous weapon, and eluding a police officer. (Ex. 17 (ECF No. 12-17).) At the plea hearing, Petitioner, the prosecution, and the judge agreed that Petitioner could continue to litigate, and appeal, whether sufficient evidence existed to charge Petitioner with the deadly-weapon enhancement. (Ex. 16 at 3-4 (ECF No. 12-16 at 4-5).) Petitioner then filed a motion to strike the deadly-weapon enhancement. (Ex. 20 (ECF No. 12-20).) The state district court denied the motion at the sentencing hearing. (Ex. 30 at 9-15 (ECF No. 12-30 at 10-16).) The state district court convicted Petitioner of all the crimes to which he had pleaded guilty. (Ex. 31 (ECF No. 13).)

Petitioner appealed. The Nevada Supreme Court affirmed. First, it noted that Petitioner had not obtained consent in writing to plead conditionally under NRS § 174.035(3). Second, in the alternative, the Nevada Supreme Court held that the evidence presented to the grand jury was sufficient for its probable-cause determination that Petitioner had used a firearm in the robbery. (Ex. 43 (ECF No. 13-12).)

Petitioner filed a post-conviction habeas corpus petition in the state district court. (Ex. 48 (ECF No. 13-17).) The state district court denied the petition. (Ex. 62 (ECF No. 14-1).) Petitioner appealed, and the Nevada Court of Appeals affirmed. (Ex. 78 (ECF No. 14-17).)

Petitioner then commenced this action.

### III. LEGAL STANDARD

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the

opportunity to address and resolve the ground. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

"[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings *specifically* as federal claims. In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), *amended*, 247 F.3d 904 (9th Cir. 2001). Citation to state case law that applies federal constitutional principles will also suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (*en banc*). "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion. Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

**IV.   DISCUSSION**

Respondents argue, and Petitioner does not dispute, that grounds 1(a), 2(b), and 3(a)[1] are not exhausted. Ground 1(a) is a claim that trial counsel provided ineffective assistance at sentencing because trial counsel did not present options for substance-abuse evaluation and treatment. Ground 2(b) is a claim that the prosecution violated the plea agreement because they raised on appeal that petitioner had not obtained the required written consent to a conditional plea. Ground 3(a) is a claim that trial counsel provided ineffective assistance because he did not challenge the sufficiency of the evidence provided to the grand jury to support its probable-cause determination that petitioner used a firearm in the robbery.

The petition (ECF No. 9) is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal. *See Rose v. Lundy*, 455 U.S. 509, 521-22 (1982); *Szeto v. Rushen*, 709 F.2d 1340, 1341 (9th Cir. 1983).

---

[1] The subdivision of these grounds is Respondents'.

3

Petitioner may voluntarily dismiss the unexhausted grounds 1(a), 2(b), and 3(a) and proceed with the remaining grounds, he may voluntarily dismiss this action without prejudice while he returns to state court to exhaust grounds 1(a), 2(b), and 3(a), or he may move to stay this action while he returns to state court to exhaust grounds 1(a), 2(b), and 3(a). If Petitioner chooses the second option, the court makes no assurances about any possible state-law procedural bars or the timeliness of a subsequently filed federal habeas corpus petition. If Petitioner chooses the last option, he must show that he has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). If Petitioner chooses the last option, he also will need to designate an alternative choice in case the court declines to stay the action. Otherwise, the court will dismiss the action.

Respondents also argue that ground 3(a) is not addressable in federal habeas corpus and that ground 3(b) is redundant to ground 2(a). The court will not rule on these arguments now, because Petitioner's choice regarding the unexhausted grounds might make these arguments moot.

Petitioner's motion to amend (ECF No. 17) is a partial response to Respondents' motion to dismiss. His proposed amended petition omits the unexhausted, current grounds 1(a) and 2(b). However, the proposed amended petition also creates other problems. First, proposed ground 2 would contain the same claim as unexhausted, current ground 3(a), that trial counsel was ineffective at sentencing because there was insufficient evidence to prove beyond a reasonable doubt that Petitioner had a firearm that was used in the robbery. Second, proposed ground 4 has three claims, two of which would be untimely. Proposed ground 4(a)[2] claims that appellate counsel failed to argue that constructive possession was not proven beyond a reasonable doubt. Proposed ground 4(c) claims that appellate counsel failed to object to the standard of review that the Nevada

---

[2] The subdivision of proposed ground 4 is Respondents'.

4

Supreme Court used on direct appeal to evaluate the evidence to support the charge of the use of a firearm during the robbery. Petitioner filed his motion to amend (ECF No. 17) after the expiration of the one-year limitation period of 28 U.S.C. § 2244(d)(1). Proposed grounds 4(a) and 4(c) do not share a common core of operative fact with any claim of the original petition, and thus they would be untimely. *See Mayle v. Felix*, 545 U.S. 644 (2005). Consequently, amendment of the petition would be futile, and the court denies petitioner's motion to amend (ECF No. 17).

Respondents have also filed a motion for leave to file an exhibit *in camera* and under seal (ECF No. 15). The exhibit in question is the pre-sentence investigation report, which is confidential under state law and which contains sensitive information. The court grants this motion.

Petitioner has also filed a motion for appointment of counsel (ECF No. 22). Petitioner has provided no reason for the court to depart from its denial of his earlier motion for appointment of counsel (ECF No. 6).

In addition, Petitioner has filed a request for court intervention to identify exhausted and unexhausted grounds contained in petition (ECF No. 24). This request is moot because the court's ruling on the motion to dismiss has identified those grounds.

**V.     CONCLUSION**

It therefore is ordered that Respondents' motion to dismiss (ECF No. 11) is granted in part with respect to grounds 1(a), 2(b), and 3(a).

It is further ordered that Petitioner will have thirty (30) days from the date of entry of this order to do one of the following: (1) inform this court in a sworn declaration that he wishes to dismiss grounds 1(a), 2(b), and 3(a) of his petition (ECF No. 9), and proceed only on the remaining grounds for relief; (2) inform this court in a sworn declaration that he wishes to dismiss his petition (ECF No. 9) to return to state court to exhaust his state remedies with respect to the claims set out in grounds 1(a), 2(b), and 3(a) of his petition (ECF No. 9); or (3) move to stay this action while he returns to state court to exhaust his

state remedies with respect to the claims set out in grounds 1(a), 2(b), and 3(a) of his petition (ECF No. 9). Failure to comply will result in the dismissal of this action.

It is further ordered that if Petitioner elects to dismiss the aforementioned grounds of his petition (ECF No. 9) and proceed on the remaining grounds, Respondents must file and serve an answer, which must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, within forty-five (45) days after petitioner serves his declaration dismissing those grounds. Petitioner shall have forty-five (45) days from the date on which the answer is served to file and serve a reply.

It further is ordered that Respondents' motion for leave to file an exhibit *in camera* and under seal (ECF No. 15) is granted.

It is further ordered that Petitioner's motion to amend (ECF No. 17) is denied.

It is further ordered that Petitioner's motion for appointment of counsel (ECF No. 22) is denied.

It is further ordered that Petitioners' request for court intervention to identify the exhausted and unexhausted grounds contained in his petition (ECF No. 24) is denied.

DATED THIS 23rd day of August, 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE